IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHRISTOPHER MICHAEL JONES                                                          PLAINTIFF

v.                                      Civil No. 6:25-cv-06027-MEF

PATROL GRANT FOX
(Garland County Sheriff's Office);
LT. DONALD ANSLEY;
CPL. BRIAN NOBLES;
NURSE ELIS;
JEFF WATSON
(Kitchen)                                                                          DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. The case was directly assigned to the undersigned Magistrate Judge pursuant to General Order 2024-02, but not all parties to the action have consented to the jurisdiction of the undersigned. *See* 28 U.S.C. § 636(c). Accordingly, for the purpose of preservice review pursuant to 28 U.S.C. § 1915A(a), the case will automatically be reassigned to Chief United States District Judge Susan O. Hickey and referred to the undersigned for a report and recommendation pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3).

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

I.     BACKGROUND

Plaintiff filed his Complaint on March 13, 2025.  (ECF No. 1).  Plaintiff was directed to submit an Amended Complaint, and he did so on April 2, 2025.  (ECF No. 6).  On May 16, 2025, the Court entered a second Order directing Plaintiff to submit another Amended Complaint to address deficiencies with his First Amended Complaint.  (ECF No. 10).  Plaintiff submitted his Second Amended Complaint on June 4, 2025.  (ECF No. 11).

In his Second Amended Complaint, Plaintiff identifies himself as a pretrial detainee and raises two claims.  (ECF No. 11 at 2).  In the first, he alleges that on December 13, 2024, Defendants Fox, Ansley, Nobles and Elis violated his constitutional rights.  (*Id*. at 4).  Specifically, Plaintiff alleges that Fox violated his Fifth Amendment rights when he used Plaintiff's methamphetamine and pipe he obtained on a search as the probable cause for an arrest warrant written on December 14, 2024.  (*Id*. at t 4-5).  Plaintiff also alleges that he told all Defendants upon being booked into the jail that he had diverticulitis and had a colonoscopy, required a high fiber diet, and could not eat seeds, nuts, corn, broccoli, etc.  (*Id*. at 5).  Plaintiff alleges he was given an improper diet for over five months, that he has blood in his stool, severe abdominal cramping, and a hernia protruding from his abdomen.  (*Id*.).  Plaintiff proceeds against Defendants in their individual capacity.  (*Id*.).  Plaintiff characterizes this claim as wrongful imprisonment and denial of proper medical care and diet.  (*Id*. at 4).

For his second claim, Plaintiff alleges that on December 13, 2024, Defendants Ansley, Nobles, Elis, and Watson violated his constitutional rights.  (ECF No. 11 at 6).  Plaintiff alleges Defendant Ansley failed to supervise his employee Nobles, who signed a falsified warrant.  (*Id*.).  He also alleges he directly told Defendant Nurse Elis about his condition, and Defendant Watson denied his appeals for a proper diet, saying corn and broccoli were not seeds, which Plaintiff states

"is ridiculous." (*Id*.). Plaintiff characterizes this claim as wrongful imprisonment and denial of proper medical care and nutrition. (*Id*. at 6).

Plaintiff seeks to have the charges against him dropped, to be released, and to have his filing fees paid. (ECF No. 11 at 9). He also seeks to be compensated for lost wages and the loss of his possessions. (*Id*.).

## II.     LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal

framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.     ANALYSIS

Plaintiff's allegations concerning the validity of his arrest require that the case be stayed under the *Younger* doctrine. Pursuant to *Younger v. Harris,* 401 U.S. 37 (1971), federal courts are required to abstain from hearing cases when "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland,* 76 F.3d 957, 959 (8th Cir. 1996)). Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims relating to that proceeding should be raised there. *Meador v. Paulson*, 385 F. App'x 613 (8th Cir. 2010); *see also Gillette v. N. Dakota Disc. Bd. Counsel*, 610 F.3d 1045, 1046 (8th Cir. 2010). "If all three questions are answered affirmatively, a federal court should abstain unless it detects 'bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate.'" *Night Clubs, Inc. v. City of Ft. Smith, Ark.*, 163 F.3d 475, 479 (8th Cir. 1998) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)). Here, Plaintiff alleges that his arrest lacked probable cause and violated his Fifth Amendment rights. It is, therefore, appropriate to stay this case pursuant to the *Younger* doctrine while his underlying state criminal case is pending.

## IV.     CONCLUSION

Accordingly, it is RECOMMENDED that Plaintiff's case be STAYED and ADMINISTRATIVELY TERMINATED. It is further recommended that Plaintiff be directed to

immediately inform the Court when his state criminal case resulting from the arrest in question has been concluded.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 28th day of July 2025.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE