IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHRISTOPHER MICHAEL JONES PLAINTIFF

v. Civil No. 6:25-cv-06027-JTS-MEF

PATROL GRANT FOX, *et. al.* DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable John Thomas Shepherd, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's Motion to Reopen his case. (ECF No. 14). Also before the Court is Plaintiff's failure to obey a Court Order and failure to prosecute this case.

## I. BACKGROUND

On August 22, 2025, Plaintiff's case was stayed and administratively terminated while his underlying state criminal case was pending. (ECF No. 13). Plaintiff was directed to immediately inform the Court when his underlying state criminal case was concluded. On December 12, 2025, Plaintiff submitted a Motion to Reopen his case. (ECF No. 14). In his Motion, Plaintiff states that he was told to inform the Court when his case was complete. (*Id*. at 1). He states that he has been moved to the Ouachita County Jail, at 109 Goodgame Street, Camden, Arkansas 71701. (*Id*.).

On April 2, 2026, the Court entered an Order directing Plaintiff to provide case information for the state case or cases underlying his claims. (ECF No. 17). The mail was sent to Plaintiff in the Ouachita County Jail at the address he had provided. (*Id*.). On April 20, 2026, that Order was returned as undeliverable, stating no new address was available. (ECF No. 18). The deadline for Plaintiff to submit his new address to the Court was set for May 20, 2026. (*Id*.). Plaintiff was

advised twice during this case that he must keep the Court immediately informed of his address or his case would be dismissed. (ECF Nos. 3, 7). When Plaintiff failed to submit his new address, the undersigned entered a Report and Recommendation on June 24, 2026. (ECF No. 19). It was recommended that the case be dismissed the case for failure to obey Court Orders and failure to prosecute this case.

On July 1, 2026, Plaintiff submitted a Notice of Address change, indicating that he was now incarcerated in the Arkansas Division of Correction Tucker Unit. (ECF No. 20). Because Plaintiff had submitted a notice address change, Judge Shepherd declined to adopt the Report and Recommendation to dismiss the case. (ECF No. 21). Judge Shepherd also directed Plaintiff to provide the case citation (or citations) for the underlying state cases(s) related to Plaintiff's claims in this case. (*Id*.). The deadline for Plaintiff to do so was set for August 18, 2026. (*Id*.). This Order was not returned as undeliverable. To date, Plaintiff has failed to provide the underlying state case citation(s).

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. ... If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the

court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III. ANALYSIS

Plaintiff has failed to comply with a Court Order. Plaintiff has, therefore, failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Order and failure to prosecute this case.

## IV. CONCLUSION

Accordingly, it is RECOMMENDED that Plaintiff's Motion to Reopen (ECF No. 14) be DENIED, and Plaintiff's Second Amended Complaint (ECF No. 11) be DISMISSED WITHOUT PREJUDICE.

*Referral Status*: This case should not remain referred because all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in a waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 28th day of August 2026.

/s/ Mark E. Ford

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE